IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Lashawn Gist, #1156, | ) C.A. #3:09-914-PMD-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **<u>ORDER</u>** |
| | ) |
| Warden Wille Eagleton; Lt. Quick; | ) |
| Officer S. Smith; John Ozmint, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court upon the magistrate judge's recommendation that the within action be dismissed. Because plaintiff is *pro se*, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. *Thomas v Arn*, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).[2] The report and

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to this Court.

[2]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be sufficiently understandable to one in appellant's circumstances fairly to appraise him of

recommendation sent to plaintiff was returned with "RETURN TO SENDER - INMATE NO LONGER AT THIS FACILITY" marked on the envelope, and no change of address had been given as directed by the court.[3] However, on October 19, 2009, plaintiff filed a motion for extension of time, wherein he advised the court that he has been in transit and is currently housed at a facility in Atlanta.

Now therefore, given that plaintiff has attempted to provide the court with information as to his whereabouts, it is hereby **ordered** that the report and recommendation is vacated, that the clerk of court shall update the record with plaintiff's current address, and the matter is referred back to the Magistrate Judge for further handling.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

October 23, 2009
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3]The court issued an order on July 7, 2009, instructing plaintiff to keep the Clerk of Court advised in writing of any change of address.